Magistrate Judge Christel



**08-MJ-05022-CMP**

FILED_____ LODGED
_____ RECEIVED

FEB 0 1 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | MAGISTRATE'S DOCKET NO. CASE NO. |
| Plaintiff, ) | *MJ08− 50 22* |
| v. ) | COMPLAINT for VIOLATION of Title 18, United States Code, Section 922(g)(1) |
| MICKEY ALAN DAY ) | |
| Defendant. ) | |

BEFORE, David Christel, United States Magistrate Judge, Vancouver, Washington

The undersigned complainant being duly sworn states:

### COUNT 1

### (Felon In Possession of a Firearm)

On or about October 7, 2007, in Vancouver, Washington, within the Western District of Washington, MICKEY ALAN DAY, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit:

(1)    Residential Burglary, in the Superior Court of Washington for Clark County, cause number 94-1-00706-8, on or about July 19, 1994;

(2)    Escape in the First Degree, in the Superior Court of Washington for Clark County, cause number 94-1-01503-6, on or about January 11, 1995;

(3)    Assault II and Possession of Stolen Property First Degree, in the Superior Court of Washington for Clark County, cause number 95-1-013449, on or about September 28, 1995.

(4)    Attempted Possession of a Controlled Substance-Methamphetamine, in the Superior Court of Washington for Clark County, cause number 04-1-00820-4, on or about July 19, 2004.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   did knowingly possess a firearm, to wit: a Yugoslavian, model 59/66, 7.62 x 39 caliber,

2   rifle, serial number F-153782 which had previously been shipped or transported in

3   interstate and foreign commerce.

4       All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

5       And the complainant, Leland E. Stice, states that this complaint is based on the

6   following information:

7       1.   I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms

8   and Explosives (ATF) for 20 years and am currently assigned to the Portland, Oregon

9   Field Office.  My responsibilities include conducting criminal investigations regarding

10  the unlawful possession of firearms by prohibited persons, including previously convicted

11  felons and the possession of firearms by drug traffickers.

12      2.   The information contained within this affidavit is based on my personal

13  observations, police reports and information provided to me by other law enforcement

14  officers and witnesses.  I have set forth only the facts that I believe are nececessary to

15  establish probable cause.

16      3.   On or about October 6, 2007, Vancouver Police Department (VPD) Officer

17  Spencer Harris received information from a confidential reliable informant (CRI)

18  regarding the possession of firearms by a male suspect known only to the CRI as

19  "Mickey".  The CRI reported that the firearms were allegedly stolen.  This CRI had

20  previously provided truthful and reliable information to VPD Officer Harris on several

21  occasions.  After receiving this information from the CRI, Officer Harris instructed the

22  CRI to set up a meeting between "Mickey" and Officer Harris, who would be acting in an

23  undercover capacity, as a person interested in buying the firearms.  The CRI made contact

24  with the suspect and arranged a meeting for October 10, 2007.  The CRI also agreed to

25  drive the suspect "Mickey" to the meeting.

26      4.   On October 10, 2007, Officer Spencer went to the arranged meeting location at

27  the Target parking lot located near N.E. 7809 Vancouver Plaza, Vancouver, Washington.

28  Officer Spencer arrived at the meeting location and met with the suspect.  The suspect was

COMPLAINT/DAY — 2

1  seated in the passenger seat of a blue Ford Thunderbird, Washington license 614 UDW.
2  The CRI was in the driver's seat. The suspect introduced himself to Officer Harris by
3  stating, "Hi, I'm Mickey". Officer Harris was able to identify the suspect as MICKEY
4  ALAN DAY. DAY then pulled a long box out from behind the passenger seat of the
5  vehicle. DAY removed a rifle from the box and showed it to Officer Harris. Officer
6  Harris asked DAY if the rifle was stolen and DAY responded, "I don't think so, I traded
7  someone for it". Day told Officer Harris he would sell the rifle for $220. Harris paid Day
8  $220 in U.S. currency and DAY transfered the firearm to Officer Harris. Officer Harris
9  took possession of the firearm as VPD item 1300-001 and it was preliminarily identified as
10  an assault rife, model 59166, serial number F153782.

11      5. I have conducted a computer criminal history check for MICKEY ALAN DAY
12  and have reviewed conviction documents from various courts, which showed  that DAY
13  has felony convictions including the following:

14      (1)   Residential Burglary, in the Superior Court of Washington for  Clark County,
              cause number 94-1-00706-8, on or about July 19, 1994;
15
16      (2)   Escape in the First Degree, in the Superior Court of Washington for Clark
              County, cause number 94-1-01503-6, on or about January 11, 1995;
17      (3)   Assault II and Possession of Stolen Property First Degree, in the Superior
              Court of Washington for Clark County, cause number 95-1-013449, on or
18            about September 28, 1995.
19      (4)   Attempted Possession of a Controlled Substance-Methamphetamine, in the
              Superior Court of Washington for Clark County, cause number 04-1-00820-
20            4, on or about July 19, 2004.

21      6. I have examined the aforementioned firearm and determined it is a Yugoslavian
22  manufactured, model 59/66, 7.62 x 39 caliber, rifle, serial number F153782.  I observed
23  that the firearm was stamped "C.A.I. Georgia, VT" reflecting that the firearm was
24  imported into the United States by Century Arms Incorporated of Vermont. Based on my
25  training and experience, I know that it is a firearm as that term is defined under federal
26  law. Furthermore, based on my experience and research, I know that the firearm was  not
27  manufactured in the State of Washington. Therefore, the firearms  must have traveled in
28  and affected interstate commerce prior to being recovered in Vancouver, Washington.

COMPLAINT/DAY — 3

1    7. Based on the aforementioned facts, I believe probable cause exists that on or

2   about October 10, 2007, MICKEY ALAN DAY, a convicted felon, possessed a firearm

3   which had previously traveled in interstate commerce, in violation of Title 18, United

4   States Code, Section 922(g)(1).

5

6

7

8

9                          LELAND E. STICE, Complainant
                           Special Agent, Bureau of Alcohol,
10                          Tobacco, Firearms and Explosives

11

12          Based on the Complaint and Affidavit sworn to before me, and subscribed in my

13   presence, the Court hereby finds that there is probable cause to believe the defendant

14   committed the offense set forth in the Complaint.

15

16          Dated this 30ᵗᴴ day of January 2008.

17

18

19

20                          DAVID CHRISTEL
                           United States Magistrate Judge
21

22

23

24

25

26

27

28

COMPLAINT/DAY — 4